**Johnny Russell BROWN, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Oct. 13, 1976.

Certiorari Denied by Supreme Court Jan. 17, 1977.

Robert H. Schwartz, Seth W. Norman and Vance Cramb, Jr., Nashville, for appellant.

R. A. Ashley, Atty. Gen., David L. Raybin, Asst. Atty. Gen., Nashville, Thomas H. Shriver, Dist. Atty. Gen., and Michael D. Noel, Asst. Dist. Atty. Gen., Nashville, for appellee.

OPINION

GALBREATH, Judge.

The defendant came to the office of William Gambill, his business associate, after threatening to made the latter's wife a widow and shot him some four times with a pistol during an argument overheard by a number of witnesses and then fled to Kentucky. In a number of assignments of error he challenges the sufficiency of the evidence to support the jury's verdict find-

ing him guilty of murder in the second degree and fixing punishment at life in prison.

The defendant claimed that Gambill, whom he blamed in large measure for domestic and business difficulties, reached for his pocket in a threatening manner, but the theory of self-defense was rejected by the jury. The evidence supports the verdict. See *McClain v. State,* 1 Tenn.Cr.App. 499, 445 S.W.2d 942 (1969).

Even if it is eventually determined that the death penalty provisions of T.C.A. 39–2405 are unconstitutional, as the majority of this panel held in *Morgan v. State,* Hamilton County, November, 1975, now pending before our Supreme Court for review, this would not cause us to sustain appellant's assignment of error based on the alleged infirmity. A ruling on the constitutionality will not affect otherwise valid convictions in which the death penalty is not imposed, or even where it has been imposed but commuted. See *Bowen v. State,* 488 S.W.2d 373 (Tenn.1972). Here the conviction was not even for the offense subject to capital punishment. The punishment imposed, while formerly reserved for murder in the first degree, was fixed within limits set for murder in the second degree by the General Assembly, and we cannot say that it was excessive under the facts which would have supported a conviction for murder in the first degree.

The assignments of error have been considered and are overruled.

Affirmed.

RUSSELL, P. J., and DAUGHTREY, J., concur.